**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  <u>CV 15-05564 SJO (FFMx)</u>          **DATE:**  <u>November 10, 2016</u>

**TITLE:**      <u>Anthony Edwards v. A. Arutyunyan et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT ELVIN VALENZUELA'S MOTION TO DISMISS** [Docket No. 50]

This matter is before the Court on Defendant Elvin Valenzuela's ("Valenzuela" or "Defendant") Motion to Dismiss, filed August 26, 2016 ("Motion").  Defendant filed a Reply in Support of his Motion to Dismiss notifying the Court of Plaintiff's failure to timely file an Opposition on October 10, 2016.  Plaintiff Anthony Edwards ("Edwards" or "Plaintiff") subsequently filed an Opposition on October 10, 2016, to which Defendant filed a Surreply on October 13, 2016.[1]  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for October 24, 2016.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Motion is **GRANTED**.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In this Section 1983 action, Plaintiff, a prisoner at the California Men's Colony prison in San Luis Obispo ("CMC"), alleges that on July 23, 2013, Correctional Officer A. Artyunyan ordered Plaintiff to pass out mail to other prisoners.  (Second Am. Compl. ("SAC") ¶¶ 3, 17-18, ECF No. 49.)[2] Plaintiff alleges this was against prison policy (SAC ¶ 18), and that as a result of Plaintiff passing out mail, Plaintiff was assaulted by other inmates, causing him physical injuries.  (SAC ¶¶ 20-21.) After the assault, and allegedly based on the "wrongful assumption" that Plaintiff had committed an assault on other inmates, Plaintiff was placed in Administrative Segregation.  (SAC ¶¶ 22-23.) Plaintiff remained in Administrative Segregation for three months.  (SAC ¶ 23.)

---

[1]  Defendant contends that Plaintiff's failure to timely oppose the instant motion should be deemed consent to granting the motion.  In the interest of rendering a decision on the merits, the Court elects to consider Plaintiff's untimely Opposition.

[2]  Plaintiff's action against Defendant A. Arutyunyan was dismissed on June 27, 2016.  (*See Order Granting Def. A Arutyunyan's Mot. for Summary J.*, ECF No. 39.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:   CV 15-05564 SJO (FFMx)**          **DATE:   November 10, 2016**

Plaintiff was returned to General Population on September 22, 2013.  (SAC ¶ 24.)  On that day, as a result of passing out inmate mail on July 23, 2013, Plaintiff was again assaulted by other inmates, causing him physical injury.  (FAC ¶ 26.)  After this assault, Plaintiff was re-housed in Administrative Segregation, for a period of five months.  (SAC ¶ 25.)

Plaintiff is seeking general, special, exemplary and punitive damages and attorney's fees.  (SAC ¶ 9-10.)

II.      DISCUSSION

    A.      Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Federal Rule of Civil Procedure 12, which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," *see* Fed. R. Civ. P. 12(b)(6), must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8").  *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Id.* (citation and quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under Rule 12(b)(6).  *See Twombly*, 550 U.S. at 545.

A court may deny leave to amend where amendment would be futile or if the claim is legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

    B.      Analysis

        1.      Administrative Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner challenging prison conditions under 42 U.S.C. § 1983 is required to exhaust all available administrative remedies before filing suit.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Cano v. Taylor*, 739 F.3d

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 15-05564 SJO (FFMx)          DATE:  November 10, 2016**

1214, 1219 (9th Cir. 2014) ("The Ninth Circuit has explained that Congress purposefully made exhaustion a precondition to suit, rather than to judgment.")  This exhaustion requirement is mandatory–not discretionary.  *Woodford v. Ngo*, 548 U.S. 81,85 (2006).  Although an inmate's failure to exhaust administrative remedies should be addressed through a summary judgment motion, "in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim. *Albino v. Baca*, 747 F.3d 1162, 1169 (th Cir. 2014) (*cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403).

Despite his contention to the contrary, Plaintiff's claims are subject to the PLRA.[3]  California's administrative grievance procedures are codified in Title 15 §§ 3084-3084.7 of the California Code of Regulations.  Pursuant to those regulations, California prisoners are required to proceed through three separate levels of appeal to exhaust the administrative appeal process. (Mot. 4, *see also* Cal. Code. Regs., 15 §§ 3084.1(a), 3084.7.)  Accordingly, Plaintiff was required to comply with the three-step administrative grievance before initiating this action.  *See McKinney v. Carney*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).  The undisputed evidence demonstrates that Plaintiff only completed two of three steps of the administrative appeal process. (Mot. 4, Complete Appeals History ("Appeals History"), ECF No. 49-2.)  Furthermore, the appeal that Plaintiff initiated was solely in regard to former Defendant Arutyunyan's conduct on July 23, 2013, which allegedly caused him to be assaulted on two separate occasions.  (Appeals History 3-6.) Significantly, Plaintiff never complains of denial of process regarding his placement in Administrative Segregation in his appeal.  As such, the Court concludes that Plaintiff has failed to exhaust his administrative remedies against Defendant Valenzuela prior to initiating the instant action.

2.      Failure to State a Claim

The Court next turns to Defendant's argument that Plaintiff has failed to state a claim against Defendant Valenzuela.  To state a claim against a particular individual defendant for violations of his civil rights under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived the plaintiff of a right guaranteed under the Constitution or a federal statute. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  Here, Plaintiff attempts to bring a claim against Defendant Valenzuela in his individual capacity "for decisions and orders he made with regard to Plaintiff in deliberate indifference of Plaintiff's civil rights." (SAC ¶ 14.)  Defendant argues that the SAC does not make any specific factual allegations that Defendant Valenzuela engaged in any affirmative act, participated in another's affirmative act, or failed to perform an act that he was legally required to do, which caused a deprivation to Plaintiff.

[3]  The Court notes Plaintiff's reliance on *Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999) for the proposition that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only money damages and if the correctional facility's administrative grievance process does not allow for such an award." *See* Opp'n 1-3. *Rumbles*, as Defendant correctly points out, is no longer good law for such a proposition.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** **CV 15-05564 SJO (FFMx)**       **DATE:** **November 10, 2016**

(Mot. 7.) Plaintiff contends that the requisite causal connection can be established by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." (*See* Opp'n 4, citing *Dubner v. City &Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001).) While Plaintiff articulates the correct standard, he has not pled any facts supporting his claim against Defendant Valenzuela. Rule 8(a) demands "more than a sheer possibility that a defendant has acted unlawfully," and pleadings, such as Plaintiff's SAC, that contains nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Plaintiff fails to plead sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

  3.  Qualified Immunity

Finally, the Court addresses Defendant's argument that qualified immunity protects him from personal liability in this case. (Mot 8-10.) Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At the pleading stage, a dismissal based on qualified immunity is appropriate, if it can be shown that based on the complaint itself, qualified immunity applies. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court must consider two factors when running a qualified immunity analysis: first, whether the defendant's actions in fact amounted to a constitutional violation; and second, whether, in spite of such violation, a reasonable official would not understand that his conduct violated that right.[4] *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In other words, to satisfy the requirements for qualified immunity, government officials must demonstrate that they "reasonably but mistakenly believed that [their] conduct did not violate a clearly established constitutional right." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

Here, Plaintiff's SAC contains no specific factual allegations about Defendant Valenzuela. (*See generally* SAC.) Plaintiff, without specifically naming Defendant Valenzuela, claims that "[Defendants] made decisions and implemented and executed on those decisions regarding Plaintiff's status and housing that they knew would place Plaintiff in danger" and "made such classifications and decisions with a deliberate indifference to the rights and safety of Plaintiff."

---

[4] The Supreme Court at one point required courts to focus first on whether a constitutional violation took place before determining whether such violation may have been the result of a reasonable but mistaken belief that there was no violation. *Saucier v. Katz*, 533 U.S. 194 (2001). The Supreme Court has since abandoned this requirement, however, and now allows courts to consider these factors in either order as appropriate. *Pearson v. Callahan*, 555 U.S. 223 (2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 15-05564 SJO (FFMx)**        **DATE:**  **November 10, 2016**

(SAC ¶¶ 27, 40.)  However, Plaintiff has made no factual allegations linking Defendant to specific acts in his SAC.  In its Opposition, Plaintiff only states that "[s]ince the warden has overall responsibility for the operation of procedure of determining whether to release inmates from administrative segregation and to which population they should be placed in, [Plaintiff's] allegations are clearly plausible.  (Opp'n 6.)  However, to plead sufficiently, Plaintiffs must proffer "enough facts to state a claim that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Without adequate factual allegations, the Court is unwilling to assume that Defendant Valenzuela knew of the alleged wrongdoing, and thus would have realized its alleged commission violated Plaintiff's rights.  Plaintiff's allegations are thus insufficient to state a claim against Defendant Valenzuela in his individual capacity.

> 4.     Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a district court should grant leave to amend when justice so requires, "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).  Futility alone can justify the denial of leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense.").  However, the Court may properly deny leave to amend where the plaintiff has already amended the complaint more than once and failed to correct deficiencies that cause the complaint to fail to state a claim on which relief can be granted. The Ninth Circuit has held that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir.1987) (citations omitted); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.) (same), amended on other grounds, 234 F.3d 428 (9th Cir.2000); *see, e.g.*, *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir.1988) (district court did not abuse its discretion by refusing to allow a second amended complaint where the first amendment had failed to cure deficiencies).  Here, the Court has previously allowed Plaintiff to amend his complaint on two separate occasions.  (*See* Amended Compl. "FAC"), ECF No. 26; Second Amended Compl. ("SAC"), ECF No. 49.)  The Court shall allow Plaintiff one final opportunity to amend his complaint.

///
///
///
///
///
///
///
///

III.     CONCLUSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 15-05564 SJO (FFMx)**        DATE:  **November 10, 2016**

For the foregoing reasons, the Court **GRANTS** Defendant Valenzuela's Motion to Dismiss the Second Amended Complaint and DISMISSES Plaintiff's Second Amended Complaint **with leave to amend**.  Plaintiff may file a Third Amended Complaint to correct the deficiencies within **fourteen (14) days** of the issuance of this Order.  Should Plaintiff file a Third Amended Complaint, Defendant shall file an answer or otherwise respond within **fourteen (14) days** thereafter.  Strict compliance with this Court's Order is required.

IT IS SO ORDERED.